Conviction is for wife desertion, punishment being one year in the penitentiary.

The prosecution was under article 602, P. C., as amended by chapter 195, § 1, Regular Session, 41st Legislature, 1929 (Vernon's Ann. P. C. art. 602).

In Ex parte Heartsill (Tex. Cr. App.) 38 S. W.(2d) 803, decided May 6, 1931, motion for rehearing overruled May 27, 1931, it was held that the amendatory act was unconstitutional by reason of a defective caption.

It therefore becomes necessary to reverse this judgment and remand the cause for such further proceedings as are not inconsistent with the holding in the Heartsill Case, supra. In the latter case it was assumed that the misdemeanor statute was still operative. It therefore occurs to us that the proper procedure would be for the district court to transfer the case to the county court to be proceeded on there.

## Joe T. WARD v. STATE.

No. 14523.

Court of Criminal Appeals of Texas.

June 10, 1931.

Martin, Shipman & Winters, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MORROW, P. J.

Unlawfully selling intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for a period of one year.

Neither bills of exception nor statement of facts are found in the record. The indictment is regular and regularly presented. No fault in the procedure has been observed or called to the attention of the court.

The judgment is affirmed.